IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELLE LOUISE FRAZIER,

    Petitioner,

v.                                                          Civil Action No. 3:09cv262

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Michelle Frazier, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Frazier challenges the revocation of her suspended sentence. Specifically, Frazier contends that she is entitled to relief upon the following grounds:

    Claim 1      "Sentence was too harsh for Petitioner's first violation in this Court."
                       (§ 2254 Pet. 6.)

    Claim 2      "Trial judge abused discretion by denying Petitioner a continuance due to
                       lack of witness." (§ 2254 Pet. 7.)

Respondent filed a Motion to Dismiss (Docket No. 7) and Rule 5 Answer (Docket No. 8), providing Frazier with appropriate *Roseboro*[2] notice (Docket No. 10). Respondent contends that

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Claim 1 does not provide a proper basis for federal habeas relief and Claim 2 is barred by Frazier's guilty plea. Frazier responded to the motion, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT IN PART AND DENY IN PART Respondent's Motion to Dismiss (Docket No. 7).

## I. Procedural History

On March 15, 2002, Frazier pled guilty to one count of felony embezzlement in the Circuit Court for York County ("Circuit Court"). (Resp't's Br. Supp. Rule 5 Answer & Mot. Dismiss ("Resp't's Br.") Ex. 1, Br. Supp. Pet. for Appeal, *Frazier v. Commonwealth.*, No. 2151-06-1 (Va. Ct. App. Dec. 22, 2006) ("Pet. for Appeal"), at 4.) On May 29, 2002, the Circuit Court sentenced Frazier to five years of imprisonment and suspended four years, eleven months, and twenty days. (Pet. 2.) Frazier did not pursue a direct appeal.

On July 25, 2006, Frazier was scheduled to appear before the Circuit Court on an order to show cause as to why her suspended sentence should not be revoked based upon three new convictions. At the beginning of the revocation hearing, Frazier requested a continuance so that her employer could "testify that the violation that occur[r]ed was beyond [Frazier's] control." (§ 2254 Pet. 7). The Circuit Court denied the motion for a continuance, but accepted a letter from Frazier's employer. Thereafter, Frazier entered a guilty plea to the probation revocation charge. The Circuit Court revoked Frazier's probation and imposed the entire term of the previously suspended sentence.

Frazier appealed to the Court of Appeals of Virginia. On appeal, Frazier asserted that she was entitled to relief because the Circuit Court abused its discretion in denying Frazier's request for a continuance ("Assignment of Error 1"); and the Circuit Court abused its discretion in

2

revoking all four years, eleven months, and twenty days of Frazier's suspended sentence ("Assignment of Error 2"). The Virginia Court of Appeals refused to review Assignment of Error 1 because it concluded Frazier had waived the issue by entering a guilty plea. *Frazier v. Commonwealth*, No. 2151-06-1 (Va. Ct. App. Dec. 22, 2006). The Virginia Court of Appeals further concluded the Circuit Court had not abused its discretion by imposing the entirety of Frazier's previously suspended sentence. Frazier pursued a second-tier appeal to the Supreme Court of Virginia. On May 22, 2007, the Supreme Court of Virginia refused Frazier's petition for appeal. (Pet. 3; Resp't's Br. ¶ 3.)

On May 6, 2008, Frazier filed a petition for a writ of habeas corpus in the Circuit Court. (Pet. 4.) The Circuit Court denied the petition on August 12, 2008. *Frazier v. Wheeler*, No. 08-1710 (Va. Cir. Ct. Aug. 12, 2008). Frazier appealed the Circuit Court's decision to the Supreme Court of Virginia. On appeal, Frazier asserted that the Circuit Court should have imposed a more lenient sentence for violating the terms of her probation. On April 1, 2009, the Supreme Court of Virginia denied Frazier's appeal. *Frazier v. Wheeler*, No. 081824 (Va. Sup. Ct. Apr. 1, 2009). Respondent concedes that Frazier has exhausted her available state court remedies. (Resp't's Br. ¶ 3.)

## II. Analysis

### A. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle* 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the

exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion, which is the primary concern in the present case, requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996)(concluding petitioner had not fairly presented his legal argument to the state courts).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court

4

clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

## B. Claim 1

This Court may grant federal habeas relief if the petitioner demonstrates that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because it rests on a review of the application of state law to the facts below, Frazier's claim that the Circuit Court's revocation of her entire suspended sentence was too harsh or amounted to an abuse of discretion does not state a constitutional violation, and thus fails to provide a proper basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see Johnson v. Johnson*, No. 3:08cv00560, 2009 WL 2433823, at *7 (E.D. Va. Aug. 6, 2009) (concluding "[a] challenge to Virginia's discretionary sentencing guidelines does not involve an evaluation of the Constitution or laws of the United States"); *Slavek*, 359 F. Supp. 2d at 483.

5

Furthermore, Frazier cannot claim before this Court that the imposition of her sentence somehow violated the Constitution because she failed to raise any constitutional claim to the Supreme Court of Virginia. Frazier did not "'fairly present'" to the Supreme Court of Virginia a claim that the severity of her sentence ran afoul of constitutional precepts. *Baldwin*, 541 U.S. at 29 (*quoting Duncan*, 513 U.S. at 366). If Frazier were to attempt now to present such a constitutional claim to the Supreme Court of Virginia, that court would find the claim procedurally barred pursuant to Virginia Code Section 8.01-654(B)(2). That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. 8.01-654(B)(2) (West 2010). Frazier knew about the length of her sentence when filing her state habeas petition. Section 8.01-654(B)(2) bars her bringing this claim here, and it constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Accordingly, Claim 1 will be dismissed.

C. <u>Claim 2</u>

In Claim 2, Frazier contends that the Circuit Court abused its discretion in denying her motion for a continuance. Frazier contends the Circuit Court's action violated section "19.2[-]162" of the Virginia Code. (§ 2254 Pet. 8.) To the extent that Claim 2 could be read to plead a constitutional violation, Respondent contends that federal habeas corpus relief is foreclosed by Frazier's guilty plea. (Respt.'s Br. in Supp. of Mot. to Dismiss 4.) Specifically, the Court of Appeals of Virginia concluded this claim was barred because "[a] voluntary and intelligent guilty plea by an accused is 'a waiver of all defenses other than those jurisdictional.'"

*Frazier v. Commonwealth*, No. 2151-06-1 (Va. Ct. App. Dec. 22, 2006) (*quoting Dowell v. Commonwealth*, 408 S.E.2d 263, 265 (Va. Ct. App. 1991) (*quoting Savino v. Commonwealth*, 391 S.E.2d 276, 278 (1990)), *aff'd on reh'g en banc*, 414 S.E.2d 440 (Va. Ct. App. 1992)).

As explained by Judge Ellis, "[i]n the context of a guilty plea, before proceeding to the merits of a claim, [a] threshold inquiry normally must be addressed, *i.e.*, whether a claim has been foreclosed by the defendant's guilty plea." *Slavek*, 359 F. Supp.2d at 491. "[O]nce judgment on a plea is final, collateral inquiry for constitutional claims that occurred prior to the entry of the guilty plea is generally limited to whether the plea itself was knowing and voluntary." *Id.* at 481 (*citing Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992)). Nevertheless, the cases cited by Respondent pertain to formal pleas of guilt to criminal charges. *See e.g., United States v. Broce*, 488 U.S. 563 (1989). Respondent has not directed the Court to authority for the proposition that an admission of guilt by Frazier's attorney at the probation revocation hearing forecloses a claim such as that urged here by Frazier. Accordingly, Respondent's motion to dismiss claim 2 will be DENIED WITHOUT PREJUDICE.

Within fifteen (15) days of the date of entry hereof, Frazier shall inform the Court what constitutional right was violated by the denial of her motion for a continuance. Within thirty (30) days of the date of entry hereof, Respondent shall provide additional briefing as to his position that Claim 2 should be dismissed. Such briefing shall include whether Claim 2 is procedurally defaulted or otherwise barred from federal habeas review. Additionally, Respondent shall address the merits of Claim 2.

## III. Conclusion

Based on the foregoing reasons, the motion to dismiss (Docket No. 7) will be GRANTED IN PART AND DENIED IN PART.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-16-10