IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHELLE LOUISE FRAZIER,

    Petitioner,

v.                                                                       Civil Action No. 3:09cv262

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Michelle Frazier, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Frazier challenges the revocation of her suspended sentence. Specifically, Frazier contends that she is entitled to relief upon the following ground: "Trial judge abused discretion by denying Petitioner a continuance due to lack of witness."[2] (§ 2254 Pet. 7.) Respondent filed a Motion to Dismiss (Docket No. 7) and Rule 5 Answer (Docket No. 8), providing Frazier with appropriate *Roseboro*[3] notice (Docket No. 10). Frazier responded to the motion, and the parties have filed supplemental

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] Frazier's petition also sought relief on the ground that her "[s]entence was too harsh for Petitioner's first violation in this Court." (§ 2254 Pet. 6.) By Order dated March 16, 2010, the Court dismissed this claim and ordered supplemental briefing as to the sole remaining ground for the Petition. (Docket No. 18.)

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

briefing. (Docket Nos. 14, 19, 20.) Respondent argues, inter alia, that Frazier's remaining claim is unexhausted and procedurally defaulted. The matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 7.)

## I. Procedural History

On March 15, 2002, Frazier pled guilty to one count of felony embezzlement in the Circuit Court for York County ("Circuit Court"). On May 29, 2002, the Circuit Court sentenced Frazier to five years of imprisonment and suspended four years, eleven months, and twenty days. Frazier did not pursue a direct appeal.

On July 25, 2006, Frazier appeared before the Circuit Court for York County on an order to show cause as to why her suspended sentence should not be revoked based upon three new convictions, including one felony for grand larceny by worthless check. At the beginning of the revocation hearing, Frazier requested a continuance so that her employer could "testify that the violation that occur[r]ed was beyond [Frazier's] control." (§ 2254 Pet. 7.) The Circuit Court denied the motion for a continuance, but accepted a letter from Frazier's employer. Thereafter, Frazier entered a guilty plea to the probation revocation charge. The Circuit Court revoked Frazier's probation and imposed the entire term of the previously suspended sentence.

Frazier appealed to the Court of Appeals of Virginia. On appeal, Frazier asserted that she was entitled to relief because the Circuit Court abused its discretion in denying Frazier's request for a continuance. The Virginia Court of Appeals refused to review this assignment of error because it concluded Frazier had waived the issue by entering a guilty plea. Frazier pursued a second-tier appeal to the Supreme Court of Virginia, again arguing that the Circuit Court abused

its discretion in denying her request for a continuance. On May 22, 2007, the Supreme Court of Virginia refused Frazier's petition for appeal.

On May 6, 2008, Frazier filed a petition for a writ of habeas corpus in the Circuit Court. The Circuit Court denied the petition on August 12, 2008. Frazier appealed the Circuit Court's decision to the Supreme Court of Virginia. On April 1, 2009, the Supreme Court of Virginia denied Frazier's appeal.

On April 24, 2009, Frazier filed the Petition currently pending before this Court. In an Order dated March 16, 2010, this Court ordered both parties to file supplemental briefing. Specifically, the Court ordered Frazier to inform the Court as to what constitutional rights were violated by the denial of her motion for a continuance. Frazier appears to contend that the circuit court's denial of her motion for a continuance violated her procedural due process rights guaranteed by the Fourteenth Amendment of the Constitution of the United States.[4] Respondent argues that Frazier failed to fairly present this constitutional claim to the Supreme Court of Virginia. Respondent further contends that Frazier's due process claim is procedurally defaulted.

---

[4] Frazier states the denial of the continuance "violated [her] constitutional right to the fact that the testimony to be given would of [sic] changed the outcome of said sentence handed down. . . . The constitutional right was also violated by the presiding judge by not granting the continuance for personal reasons." (*See* Pet'r's Mot. Resp. 2 (Docket No. 19).) Frazier further states, "The witness would of [sic] offered testimony to prove I did not committ [sic] the felony that brough [sic] me to this Court, therefore violating my rights to a fair hearing." (*See* Pet'r's Mot. Resp. 3.) The Court construes these statements to mean that Frazier is arguing a violation of her procedural due process rights under the Fourteenth Amendment.

3

## II. Analysis

### A. Applicable Law for Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before [she] can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if [she] has the right under the law of the State to raise, by any available procedure, the question presented."[5] 28 U.S.C. § 2254(c).

The second aspect of exhaustion, which is the primary concern in the present case, requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' [her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts

---

[5] Respondent concedes that Frazier has satisfied this aspect of the exhaustion requirement.

4

and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). The United States Court of Appeals for the Fourth Circuit summed up a petitioner's burden in this regard as follows:

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

*Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (*quoting Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted [her] federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present [her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of

5

justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### B. Frazier Failed to Fairly Present Her Due Process Claim to the Supreme Court of Virginia

Frazier did not "'fairly present'" to the Supreme Court of Virginia a claim that the denial of her motion for a continuance constituted a due process violation. *Baldwin*, 541 U.S. at 29 (*quoting Duncan*, 513 U.S. at 366). Before the Supreme Court of Virginia on direct appeal, Frazier contended that the trial court abused its discretion in denying Frazier's request for a continuance, violating section 19.2-162 of the Virginia Code. Frazier made only a cursory reference to the Constitution of the United States to bolster her state law claim: "The Sixth Amendment of the U.S. Constitution provides that 'In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor.'" (Resp't's Br. Ex. 4, Appellant's Pet. for Appeal in the Va. Supreme Ct. at 9 (*quoting* U.S. Const. amend.VI) (omission in original).) She did not, however, claim her due process rights under the Constitution had been violated. Thus, even if Frazier properly presented the operative facts upon which a due process violation could be found, she failed to present the legal basis for her due process claim. "A statement of facts sufficient to support a constitutional claim without reference to the legal basis for that claim is not sufficient." *Gray*, 99 F.3d at 162 (*citing Picard*, 404 U.S. at 277). Furthermore, the "ground relied upon must be presented face-up and squarely . . . . Oblique references . . . will not turn the trick." *Mallory*, 27 F.3d at 995. Frazier has failed

to carry her burden of demonstrating that she fairly presented her constitutional claim to the Supreme Court of Virginia.

### C. Frazier's Due Process Claim Is Procedurally Defaulted

If Frazier were to attempt now to present a due process claim to the Supreme Court of Virginia, that court would find the claim procedurally barred pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because it should have been, but was not, raised on direct appeal to the Supreme Court of Virginia. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, Frazier's claim is procedurally defaulted.

### D. Excuse for Procedural Default

Frazier presents no argument regarding cause that might excuse her procedural default. The facts underlying the claims before this Court all were available to Frazier at the time of trial, and she demonstrates no objective factor external to her own conduct that impeded her efforts to raise these claims in the state court. *See Breard*, 134 F.3d at 620.

Nevertheless, Frazier does contend that the witness would have "testif[ied] that the violation that occur[r]ed was beyond [Frazier's] control." (§ 2254 Pet. 7). Further, she alleges that "the witness would of [sic] offered testimony to prove [she] did not committ [sic] the felony that brough [sic] [her] to this Court." (Pet'r's Mot. Resp. 3.) To the extent Frazier asserts that the Court should excuse her procedural default on the basis of actual innocence, such an assertion lacks merit.

"Claims of actual innocence, whether presented as freestanding ones, *see Herrera v. Collins*, 506 U.S. 390, 417 (1993), or merely as gateways to excuse a procedural default, *see*

7

*Schlup v. Delo*, 513 U.S. 298, 317 (1995), should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (parallel citations omitted). A gateway claim requires "new *reliable* evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing such evidence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (*quoting Schlup*, 513 U.S. at 327-28). The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality. *See Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999).

Here, Frazier was found guilty of violating terms of her probation based on her convictions of new offenses, including a felony for grand larceny by worthless check. Frazier has not tendered any new evidence that demonstrates her innocence of these offenses and the probation violations. The total evidence presented of her innocence consists of her two statements that a witness would testify to her innocence without any proof of the testimony itself. Frazier instead makes the nebulous allegation that a witness could somehow demonstrate her innocence of the grand larceny conviction.

8

Gateway claims require the petitioner to come forward with actual evidence of his or her innocence, not mere allegations of his or her innocence. *See Shelton v. Dir. of Dep't of Corr.*, No. 3:09cv270, 2009 WL 790013, at * 5 (E.D. Va. Mar. 23, 2009) (*citing Weeks*, 119 F.3d at 1352-53). These conclusory, unsubstantiated allegations of innocence are hardly the sort of new reliable evidence described by the Supreme Court. *Schlup*, 513 U.S. at 324. Thus, Frazier has failed to present evidence of the requisite quality, and actual innocence cannot excuse Frazier's claim from procedural default.

### III. Conclusion

Based on the foregoing reasons, the motion to dismiss (Docket No. 7) will be GRANTED. Frazier's Petition will be DENIED, and the action will be DISMISSED. (Docket No. 1.)

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

No law or evidence suggests that Frazier is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 10/29/10